Argued and submitted May 24, reversed and remanded October 6, 1993

## JOHN N. SHEAGREN, M.D., P.C.,
*Respondent,*

*v.*

## Nick ALBRECHT,
*Appellant.*

### (90 C 713350; CA A74733)
860 P2d 868

Anthony W. Furniss, Portland, argued the cause and filed the brief for appellant.

Paul G. Dodds, Portland, argued the cause for respondent. With him on the brief were David J. Sweeney and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

## De MUNIZ, J.

Defendant appeals from a judgment that awarded plaintiff damages for breach of contract and attorney fees under ORS 20.105. We reverse and remand.

Malcolm, while hospitalized, suffered from progressive aortic valve destruction that later required cardiac surgery. Malcolm retained defendant, an attorney, and sued the hospital and his physicians. Defendant contracted with plaintiff, a medical doctor specializing in infectious diseases, to provide expert testimony in Malcolm's medical malpractice case. Plaintiff was consulted and, after a review of Malcolm's hospital records, wrote an opinion letter that stated that a prompt prescription of antibiotics would most probably have spared Malcolm the valve destruction. On the basis of that opinion, defendant advised Malcolm to proceed to trial.

At the malpractice trial, plaintiff testified on cross-examination that the administration of antibiotics would have been at most "fifty-fifty" effective. Malcolm lost the malpractice trial. Later, when plaintiff submitted his bill, defendant refused to pay it, and plaintiff brought this action.

Plaintiff's claims for relief were based on breach of contract, account, account stated, and *quantum meruit*. Defendant filed an answer, affirmative defenses and counterclaims, in which he alleged breach of contract and misrepresentation. On cross-examination, defendant objected to a question asking if he had received money from Malcolm with which he was to pay plaintiff. When the court overruled his objection, defendant denied receiving any money to make such a payment. Plaintiff then called Malcolm as a rebuttal witness. Defendant objected and argued, *inter alia*, that Malcolm's testimony constituted improper impeachment on a collateral matter. The court overruled defendant's objection. Malcolm testified that he had given defendant money for the purpose of paying plaintiff. Defendant then testified that Malcolm was wrong and that the money had been used to pay other expenses associated with the trial. The jury returned a verdict in favor of plaintiff. Defendant filed a motion for new trial, which was denied.

■■ Defendant assigns error to the admission of Malcolm's rebuttal testimony on the ground that it was extrinsic

evidence used to impeach him on a collateral issue. The trial court admitted Malcolm's testimony on the ground that it was relevant to the issue of defendant's credibility. However, the rule that any witness may be impeached by contradictory evidence is subject to the qualification that extrinsic evidence may not be used to impeach a witness on a collateral matter. *State v. Moore*, 103 Or App 440, 444, 797 P2d 1073 (1990), *rev den* 311 Or 151 (1991); *State v. Thompson*, 28 Or App 409, 559 P2d 1294 (1977); McCormick, *Evidence* § 47 (2d ed 1972). Extrinsic evidence is generally considered collateral unless it is independently admissible for a reason other than to contradict the testimony of the witness. *See* Kirkpatrick, *Oregon Evidence* 335 (2nd ed 1989).

■■ Plaintiff made no argument at trial, and does not contend on appeal, that Malcolm's testimony was offered for any other purpose than to contradict defendant and thereby impugn his credibility. The dissent's assertion that Malcolm's testimony was relevant to "[show] the existence of an agreement to pay a fee" invents a dispute not present in the case. Defendant never contended that he did not employ plaintiff as an expert witness or agree to pay plaintiff a fee. Instead, defendant contended that plaintiff was not entitled to payment for his services, because he misrepresented what his testimony would be at trial and breached the agreement with defendant when his trial testimony did not convincingly establish medical malpractice in Malcolm's trial. Whether Malcolm gave defendant money to pay plaintiff has little, if anything, to do with the question of whether plaintiff breached the agreement he made with defendant. Malcolm's testimony, which defendant then attempted to rebut, alerted the jury to an ongoing and acrimonious dispute between defendant and Malcolm over defendant's handling of the malpractice trial and the allocation of Malcolm's expense money. The dispute between Malcolm and defendant was a collateral matter. We cannot say that the error in admitting Malcolm's testimony did not affect the jury's verdict.

Because of our disposition, we need not address defendant's argument regarding the award of attorney fees.

Reversed and remanded.

**ROSSMAN, P. J.,** dissenting.

Plaintiff sought to establish that defendant breached an agreement to pay him a fee for testifying at defendant's client's malpractice trial. As direct evidence of defendant's obligation to pay him, plaintiff elicited testimony from defendant as to whether he had received money from Malcolm, the client, for the purpose of paying plaintiff's fee. Defendant denied having received the money. Plaintiff then called Malcolm as a witness and elicited testimony that Malcolm had given defendant money for the purpose of paying plaintiff's witness fee.

That is what I would call *relevant* testimony — really *relevant* testimony. Not only does it bear on defendant's credibility (by impeaching defendant's earlier testimony denying that he had received money from Malcolm for the purpose of paying plaintiff) as the trial court concluded, but it also showed the existence of an agreement to pay plaintiff a fee (the entitlement of which is the gut issue of this case). It is beyond me to see how the majority can possibly conclude that the trial court abused its discretion in admitting such testimony.

Aside from the parties' own testimony, there is little better direct evidence of what the parties intended with respect to the payment of plaintiff's fee than that offered by plaintiff through Malcolm. Although on appeal plaintiff does not argue that Malcolm's testimony was relevant for the purpose of establishing the existence of the contract to pay plaintiff, it certainly was, and that alone provides an adequate basis for affirming the trial court.

The majority goes on to say that the testimony was "clearly prejudicial" to defendant. Perhaps so; sometimes the truth hurts. Suffice it to say that this evidentiary issue was fully discussed by both counsel and the trial court. The judge went through the prescribed drill. After weighing the value of allowing the evidence against the claim of prejudice to the defendant, the trial court allowed the evidence to be introduced. The trial court did nothing wrong.

I dissent from the majority's hair splitting characterization of the evidence as collateral and would affirm the judgment, including the sanction under ORS 20.015.