Argued and submitted December 5, 1997, affirmed February 25, 1998

Randi BUCKEL,
*Appellant,*

*v.*

Ron NUNN,
dba Town & Country Market,
and Dennis Nunn,
*Respondents.*

(91-CV-0348; CA A95293)

955 P2d 303

Mark Lansing argued the cause for appellant. With him on the opening brief was Sloan & Lansing.

Orrin Ormsbee argued the cause for respondents. With him on the brief was Ormsbee, Corrigall, McClintock & Tosh.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals after the jury rendered a verdict for defendants Ron and Dennis Nunn. Defendants also make two cross-assignments of error, contending that the trial court erred in granting partial summary judgment to plaintiff and in denying their motion for summary judgment that plaintiff's claims are barred as a matter of law. ORCP 47. We affirm.

In 1991, plaintiff brought an action alleging false imprisonment, intentional infliction of emotional distress and reckless infliction of emotional distress against Ron Nunn, Dennis Nunn, Steve Rodriguez, doing business as S&S Security, and Richard Rowe, Rodriguez's employee. Ron Nunn is the owner of the Town & Country Market, where plaintiff was employed as a part-time grocery clerk. Dennis Nunn is the store's manager. Dennis contracted with S&S Security to investigate alleged employee thefts at the market. During November and December 1989, S&S Security conducted an investigation. As part of its investigation, Rodriguez and Rowe confined plaintiff in a room and interrogated her for three hours, repeatedly accusing her of stealing from the market. At first, plaintiff claimed that she was innocent of any wrongdoing. However, she eventually confessed to taking merchandise, lottery tickets and cash from the market.

Dennis remained in the market and near the room in which the interrogation occurred. During the interrogation, one of the security officers frequently left the room to confer with Dennis about items that were allegedly missing and to request that Dennis add up the cost of the merchandise that plaintiff had admitted stealing. Plaintiff also wrote a letter to Ron and Dennis apologizing for her actions and then signed a promissory note for $9,000, representing the amount that she had admitted stealing. After plaintiff refused to make any payments on the note, she was prosecuted criminally for theft in the second degree and was eventually acquitted.

Plaintiff then brought this action alleging that Dennis and Ron Nunn hired S&S Security to investigate thefts from the market.[1] She sought damages against the Nunns,

---

[1] The complaint alleged, in part:

Rodriguez and Rowe. The case went to trial, and at the close of the evidence, the Nunns moved for a directed verdict on the ground that they were not vicariously liable, because the security officers were acting as independent contractors. The trial court granted the motion. Thereafter, the jury returned a verdict against the security officers in the amount of $80,790, and a judgment was entered against them. We affirmed the judgment on appeal. *Buckel v. Nunn*, 133 Or App 399, 891 P2d 16 (1995). Plaintiff appealed the trial court's ruling regarding the Nunn's motion for a directed verdict. On appeal, we reversed and remanded for a new trial as to the Nunns, holding that an issue of fact existed as to whether the security officers were independent contractors and whether their actions were imputable to the Nunns on the basis of vicarious liability. *Buckel v. Nunn*, 131 Or App 121, 128-29, 883 P2d 878 (1994).

After remand to the trial court, plaintiff filed an amended complaint. She alleged for the first time that "Dennis Nunn substantially assisted the security officers, and acted in-concert with them, in such confinement and interrogation."[2] We regard that allegation as an allegation that

"2.

"Defendant Ron Nunn, hereinafter 'Ron Nunn' owns and operates retail grocery businesses known as Town & Country Markets in Josephine County, Oregon; and Defendants Dennis Nunn, Steve Rodrigues, hereinafter referred to as 'Rodrigues' and Richard Rowe, hereinafter referred to as 'Rowe', have been employed in and conducted business in Josephine County at all times here involved.

"* * * * *

"4.

"On November 7, 1989, the Market, through its manager Dennis Nunn, and with the consent and cooperation of the owner, Ron Nunn, hired Steve Rodrigues, doing business as S&S Security, to investigate the Market's employees."

[2] Plaintiff's amended complaint also alleges, in part:

"3.

"On or about November 7, 1989, Defendants hired Steve Rodrigues, doing business as S&S Security, and his employee Richard Rowe (hereinafter 'security officers'), to investigate the business's employees.

"4.

"At all times material herein the security officers were acting as Defendants' agents, servants and employees, within the course and scope of their employment by Defendants."

Dennis was a co-actor in the commission of the torts. The Nunns responded by filing an amended answer in which they claimed, by way of an affirmative defense, that plaintiff's exclusive remedy was barred by the workers' compensation provisions of ORS 656.018 and ORS 656.156.

The Nunns then moved for summary judgment under ORS 656.018 and ORS 656.156. The trial court denied their motion, and that ruling is one of the grounds that they cross-assign as error. Plaintiff also moved for partial summary judgment and argued that, because the issue of liability and damages had already been adjudicated in the first trial against the security officers, the only issues remaining were whether the Nunns had a right to control the security officers and whether Dennis had acted in concert with them. The trial court ruled that because the Nunns were parties in the first trial, they had had an opportunity to fully litigate the issue of whether the security officers had engaged in tortious conduct. The court also ruled that, even if the Nunns were not "parties" at the time that the jury decided the case against the security officers, they were in privity with the security officers, and, therefore, the jury verdict on that issue was binding against them. After the trial court's pretrial rulings, the issues left for trial included whether Ron was vicariously liable for the conduct of the security officers and the conduct of Dennis, as well as whether Dennis had acted in concert with the security officers and, therefore, was directly liable.

At trial, plaintiff testified that Dennis had been present during the confinement and interrogation and that he had participated by supplying information to Rowe and Rodriguez. She testified that, during this time, Dennis never told her that she could leave, and she contended that she only admitted to the thefts so that she could end her confinement and the interrogation. The Nunns offered plaintiff's written apology into evidence, and plaintiff objected on the ground that it was no longer relevant evidence in light of the trial court's ruling that the fact that the security officers had committed the torts had already been adjudicated adversely against the Nunns. The Nunns explained to the court that the letter "contravenes [the] perception that [plaintiff] was just doing things to get out of there." They argued that the

detail in the letter belied the suggestion that plaintiff wrote the letter to expedite her release. The trial court admitted the evidence for that sole purpose.

On appeal, plaintiff assigns the trial court's ruling as error, arguing that the letter was not admissible because extrinsic evidence cannot be used to impeach a witness' testimony on a collateral matter and that the letter was more prejudicial than probative. OEC 403.[3] "Plaintiff submits that her right to avoid relitigation of the [apology] was a substantial right." In their cross-assignments of error, the Nunns argue that the trial court erred in denying their motion for summary judgment on the ground that plaintiff's exclusive claim is under the Workers' Compensation Laws and that it erred in granting plaintiff's motion for partial summary judgment precluding them from litigating whether the security officers had committed the torts as alleged.

Because the Nunn's summary judgment argument regarding the Workers' Compensation Law is potentially dispositive, we discuss it first. ORS 656.018 provides that the liability of every employer who complies with the Workers' Compensation Law is exclusive and in place of all other liability for injuries arising out of and in the course of employment. ORS 656.156(2) creates an exception to the exclusivity provisions of the Workers' Compensation Law when injury results from the "deliberate intention of the employer of the worker to produce such injury." In this case, the Nunns argue:

> "[Plaintiff's] Complaint does not allege such a deliberate intention to injure, and the uncontradicted facts submitted by [the Nunns] * * * illustrated that no such intent existed. Thus, a genuine material fact did not exist, and [the Nunns] should have been granted a summary judgment as a matter of law."

We assume for the purposes of the discussion that plaintiff suffered a compensable injury. Although Ron filed an affidavit in support of his summary judgment motion averring that he did not "willfully cause any of the harm

---

[3] OEC 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

claimed in the Complaint," that does not foreclose the existence of an issue of fact about whether the security agents acted under the control of Dennis and on behalf of himself with the intent to injure plaintiff by false accusations of theft in order to recover the store's losses. Accordingly, we agree that the trial court properly denied summary judgment for the Nunns. We turn next to plaintiff's appeal.

■■    Plaintiff contends that the doctrine of issue preclusion made her written apology collateral, extrinsic evidence and, thus, inadmissible. Generally, evidence that is extrinsic to an issue may not be used to contradict a party's testimony if it is offered only for impeachment purposes. *John N. Sheagren, M.D., P.C. v. Albrecht*, 123 Or App 553, 556, 860 P2d 868 (1993). The doctrine of issue preclusion precludes litigation of an issue if the issue was actually decided and determined in a setting where the parties are the same or are in privity and the determination was essential to the final decision reached. Issue preclusion contemplates a full and fair opportunity to litigate a claim to final judgment. *State Farm Fire & Cas. v. Reuter*, 299 Or 155, 158-59, 700 P2d 236 (1985).[4]

■■    In this case, plaintiff added an alternative allegation in the amended complaint alleging that Dennis had directly committed the alleged torts, an allegation that was not present in the complaint in the first trial. Although plaintiff's theory in her original complaint is not entirely clear, it appears that her claim against Dennis and Ron was based only on vicarious liability.[5] In the second trial, she undertook to prove that Dennis was directly liable because of his own conduct. When plaintiff put into issue the claim that Dennis had directly participated in the confinement and interrogation, he was entitled to controvert that claim by offering evidence that would exonerate him from liability, including evidence that would contravene plaintiff's claim that she had

---

[4] Because of our ultimate holding in this case, we do not decide whether the trial court properly ruled that issue preclusion applied to defendants.

[5] Plaintiff's original complaint alleges that she was confronted by Dennis and Rowe as she left work and that Rowe took her to the back of the store where the interrogation occurred. Rodriguez assisted Rowe in the interrogation. According to the complaint, Dennis was present in the store during that time.

been falsely imprisoned. Plaintiff's written apology was neither extrinsic nor collateral to the issue of whether Dennis had acted in concert to falsely imprison her. Moreover, the prior adjudication against the security officers did not preclude litigation of that issue as to Dennis, because he had not previously had the opportunity to litigate whether he had acted in concert with the security agents. Finally, the trial court did not err in concluding that evidence of the apology was not more prejudicial than probative. By adding her new allegation and offering testimony to prove it, plaintiff opened the door to litigating whether Dennis had participated in what she claimed to be a false imprisonment. We conclude that the trial court did not err in overruling plaintiff's objection.

As a result of our disposition of plaintiff's appeal, we need not reach the Nunns' other cross-assignment of error.

Affirmed.